No. 85–1186.   SAMPSON v. GILMERE, INDIVIDUALLY AND AS
ADMINISTRATRIX OF THE ESTATE OF PATILLO.   C. A. 11th Cir.
Certiorari denied.

CHIEF JUSTICE BURGER, with whom JUSTICE O'CONNOR joins,
dissenting.

On New Year's Day, 1980, Atlanta police responded to a report
that Thomas Patillo had threatened the driver of a van with a
gun after Patillo had nearly caused an accident with the van.   Pe-
titioner Sampson and a fellow police officer, Craig, responded
to the call, and arrived at Patillo's residence.   Patillo, who ap-
peared to be inebriated, refused the officers' order to accompany
them to the police car for questioning, and attempted to flee.
The police officers then escorted Patillo from his residence by
force.   Some witnesses reported that at this point the officers
began beating Patillo in the head but no evidence of head wounds
was discovered.   Patillo broke free of the officers' hold and
reached for officer Craig's revolver.   During the struggle that fol-
lowed, Patillo lunged towards Officer Sampson.   Sampson, believ-
ing that Patillo had the gun in his hand, shot Patillo twice at close
range.   Patillo died from these gunshot wounds.

Respondent is Patillo's sister, who filed this suit under 42
U. S. C. § 1983 on her own behalf and on behalf of Patillo's estate.

After a bench trial, the District Court concluded that Patillo's due process rights had been violated both by the alleged beating and by the shooting, and that Sampson's belief that his life was in danger was not objectively reasonable, and awarded damages against petitioner. A panel of the United States Court of Appeals for the Eleventh Circuit reversed the award of damages, reasoning that under *Parratt* v. *Taylor*, 451 U. S. 527 (1981), the availability of a state-law tort action against the police officers precluded relief under § 1983 for a due process violation. The panel decision was vacated and the case was listed before the Eleventh Circuit for en banc hearing. The en banc court affirmed the award of damages against the police officers. *Gilmere* v. *City of Atlanta*, 774 F. 2d 1495 (1985). Reasoning that *Parratt* barred only purely procedural due process claims for which state remedies are available, the Court of Appeals discerned two substantive constitutional bases for the imposition of § 1983 liability in this case. First, the court determined that Patillo's shooting deprived him of substantive due process by the excessive use of force. In reaching this conclusion, the Court of Appeals reasoned that any fear that Sampson had for his own life was legally insufficient to justify the use of deadly force because any fear on the officer's part was the fear of retaliation against his own unjustified physical abuse. Second, as an alternative holding, the Court of Appeals determined that Patillo's shooting was also an unconstitutional "seizure" in violation of this Court's holding in *Tennessee* v. *Garner*, 471 U. S. 1 (1985), that use of deadly force to arrest a nonviolent suspect violates the Fourth Amendment.

The Court of Appeals' holding that Patillo's shooting violates the Fourth Amendment despite Officer Sampson's fear for his life is plainly at odds with language in *Garner* emphasizing that the use of deadly force in effecting an arrest is constitutional when the officer has probable cause to believe that the suspect poses a threat to the officer. *Id.*, at 11–12. The Court of Appeals' holding conflicts with a holding of the Fifth Circuit that an officer's conduct which makes the need for deadly force more likely does not constitutionally disable the officer from later using deadly force to defend himself. *Young* v. *City of Killeen*, 775 F. 2d 1349 (1985).

Because the Court of Appeals' decision in this case misreads this Court's holding in *Garner*, and because the decision conflicts with

the decision of the Fifth Circuit in *Young*, I would grant certiorari.