Oswald E. PERKINS–LEVEROCK, and on behalf of Olga Leverock–Hassell and Gloria A. Perkins Leverock, Plaintiffs,

v.

Hon. Angel D. RAMÍREZ–RAMÍREZ, Judge, Superior Court of Puerto Rico, San Juan Part; Adrian Mercado; Jose M. Delucca, personally and as Tutor of Olga Leverock–Hassell, Defendants.

Civ. No. 91–1108 (JAF).

United States District Court,
D. Puerto Rico.

April 23, 1991.

**20**

Oswald E. Perkins–Leverock, pro se.

Alfonso Miranda Cárdenas, San Juan, P.R., for Adrian Mercado.

Agustín F. Fortuño, Santurce, P.R., for Delucca.

Mirta Rodríguez–Mora, Atty., Federal Litigation Div., Dept. of Justice, Com. of Puerto Rico, for Judge Ramírez.

## OPINION AND ORDER

FUSTE, District Judge.

Plaintiff's mother, Olga Leverock–Hassell, became disabled and unable to handle her own affairs. A family member, Gloria A. Perkins–Leverock, asked to have a legal guardian appointed in the course of a civil proceeding before Puerto Rico Superior Court. Superior Court Judge Angel D. Ramírez–Ramírez acceded to the request and appointed codefendant José M. Delucca as guardian. In addition, the Judge appointed codefendant attorney Adrián Mercado as legal representative for Delucca in his capacity as guardian. Plaintiff complains that the representatives of his mother have poorly managed her accounts, failed to upkeep certain real property, failed to file necessary tax documents, and the like. Plaintiff complains that the judge is guilty of allowing the mismanagement to occur, and of allowing attorney Mercado to act both as the attorney to Delucca and as a direct representative of Olga Leverock–Hassell at the same time, which plaintiff complains is a violation of Puerto Rico's canons of ethics. Finally, it appears that in the course of plaintiff's complaining to the judge in the Superior Court about the above-stated misdeeds of the other codefendants, the judge became exasperated, and told plaintiff that he, the judge, would require plaintiff to either appear through counsel or face contempt if he, plaintiff, could not conform himself to proper court decorum.[1] Petitioner, an attorney, pro-

---

1. The actual words of the complaint read as follows:

Because plaintiff consistently submitted his objections, codefendant Adrian Mercado submitted a motion to request from codefendant Angel D. Ramírez–Ramírez that Plaintiff was insulting to him and to the Tutor [guardian], that Plaintiff should be reprimanded and pun-ished unless he stop ... complaining as he had been submitting to the Court.

1) Codefendant Angel D. Ramírez–Ramírez accepted codefendant's request and has ordered Plaintiff that if he did not cease to denounce and complain against codefendant Adrián Mercado and Codefendant José M. Delucca, he

ceeded in the Superior Court *pro se,* and continues to do so here.

Plaintiff seeks $1,000,000 in actual damages, plus punitive damages. Plaintiff cites section 1983 as the remedial statute giving rise to relief. He does not seek an injunction.

Plaintiff styles this as a class action, the class being the "Perkins–Leverock" family. Plaintiff includes as a co-plaintiff in the caption Gloria Perkins–Leverock, the family member who sought appointment of the guardian, although he claims that Gloria Perkins–Leverock "refused to assert her rights" and elsewhere refers to her as a codefendant. Ms. Perkins–Leverock's willingness to be a party plaintiff in this matter is suspect.

### Proceedings to Date

The judge has moved for dismissal under Rule 12(b)(6). Plaintiff has submitted opposition to the motion to dismiss. Defendant Delucca has requested additional time to answer. Defendant Mercado alleges that he was improperly served. Today we rule on the judge's motion, and we dismiss the remainder of the complaint, *sua sponte,* for failure to state a cause of action for which there is federal jurisdiction.

### Facts

Since we face a Rule 12(b)(6) motion and our own review of whether any jurisdiction exists in this court for this action, we construe the pled facts broadly, taking the factual assertions as true and indulging all reasonable inferences.

When Ms. Olga Leverock–Hassell became disabled, Gloria Perkins–Leverock asked Superior Court Judge Ramírez-Ramírez to appoint José Delucca as legal guardian. Adrián Mercado was appointed as the legal representative of the guardian. Later, according to plaintiff, the judge also allowed Mercado to act as direct representative of Olga Leverock–Hassell herself, not merely as the attorney for Delucca. As set out by plaintiff, then, Olga Leverock–Hassell had two appointed guardians.

Plaintiff complains that the following acts were taken illegally or inadvisably by Mr. Delucca:

1. Delucca "illegally demand[ed] a participation in the Medicare and Social Security money paid to Mrs. Olga Leverock Hassell."

2. Delucca failed to make repairs necessary at No. 1910 Loíza Street including painting and repairs in the second floor office, and failed to rent out the third floor. [Presumably, though not stated, this is a property of Olga Leverock–Hassell].

3. Delucca has failed to date to obtain a sum of $9,000 which was due to Olga Leverock–Hassell following the death of her son, and which continues on deposit at Banco de Ponce.

4. Delucca has failed to obtain to date a $5,000 insurance proceed to which Olga Leverock–Hassell is entitled as a result of the death of her son.

5. Delucca has failed to file Puerto Rico Income Tax forms on Ms. Leverock–Hassell's behalf.

6. Delucca "had taken over property and money which belonged to the Estate of O.S.E. Perkins he was not authorized to administrate as Tutor for Mrs. Olga Leverock."

7. Delucca's accounts of Leverock–Hassell's assets are inaccurate.

Defendant Mercado is not accused of any actual acts of nonfeasance or malfeasance, except so far as he defended the actions of Delucca, and that he entered into a "conflict of interest" when he became both the attorney for Delucca and Ms. Leverock–Hassell's representative.

The facts regarding the judge's alleged misconduct were set out in the introductory paragraph, and we can add little here. They amount to acquiescing in the wrongful activity of Delucca, sanctioning the unethical arrangement with Mercado, and reprimanding plaintiff with respect to his conduct before the Superior Court.

would not be allowed to represent himself any further with possible punishment for contempt.

From these facts, the plaintiff deduces that he has suffered the following litany of deprivations:

a) of his freedom of speech;

b) to petition the government for the redress of grievances;

c) freedom from coercion and intimidation;

d) of a fair trial;

e) of his property rights;

f) of his right to defend his mothers [sic] interests and property rights to whom he is associated forever [sic];

g) of his right to practice his profession in self-defense and in defense of his mother as has been alleged.

Specifically, he points to the first amendment and the Due Process clause of the fourteenth amendment as the constitutional provisions embodying the protections which he asserts have been denied him.

### Judicial Immunity

■ Plaintiff seeks only damages. A state court judge has immunity for judicial acts. As the Supreme Court stated:

Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher,* [80 U.S.] 13 Wall. 335, 20 L.Ed. 646 (1872). This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences."

*Pierson v. Ray,* 386 U.S. 547, 553–54, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967). The doctrine has been reaffirmed many times. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Pulliam v. Allen,* 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984); *Forrester v. White,* 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988).

Here there is no question that the acts taken were judicial in nature. The plaintiff complains first of a series of supposed fiduciary breaches by the legal guardian that the judge failed to stop or to reverse once taken. The judge's action in those areas would be directly related to his management of the case before him. Second, plaintiff complains of the "sanctioning" by the court of an "unethical" arrangement between the appointed guardian, the guardian's appointed legal representative, and the allegation that the guardian's legal representative also represented the disabled woman directly. Assuming that this amounted to an ethical breach, assuming that some harm resulted from the breach, assuming that plaintiff has standing to complain of such harm, and assuming that the judge was under an obligation to do something about the breach, his failure to do so would still constitute a judicial act. Finally, plaintiff points to the judge's reprimand of plaintiff during the proceedings before the Superior Court. The exact nature of the reprimand is unclear, but it appears that plaintiff had been vociferously complaining of the same fiduciary breaches and ethical improprieties complained of here. We can assume that he employed the same bombastic manner that he employed in these pleadings. The judge informed him that he would either have to return to court with an attorney other than himself, or face contempt for future acts which the court found to be improper. Whatever the validity of plaintiff's charge that he was muzzled unfairly, the act was surely a judicial act, taken by the Superior Court judge in direct connection with a matter before him. Although we need never consider the merits of the question of the propriety of the judge's action, we note that ofttimes strong language and not so veiled threats are the only manner in which the court can maintain necessary control over the parties before it. Mr. Perkins' outrageous, baseless, rambling, legally-insupportable demand for damages before us is undoubtedly just a sampling of the absurd nonsense that Judge Ramírez has had to put up with on account of Mr. Perkins. We would never be so severe

with a non-attorney *pro se* litigant, but Mr. Perkins is a member of both the Commonwealth and Federal bars, and his actions are inexcusable.

We do not face a situation where a judicial officer is being called to task for non-judicial acts. *Forrester, supra* (no immunity from damages for judge accused of dismissal of probation officer on basis of sex, since that act was administrative and non-judicial). The Hon. Angel D. Ramírez-Ramírez has absolute immunity from suit for damages on the basis of the acts complained of here. This matter must be dismissed on the pleadings.

### The Guardians

■ This leaves a suit against the other two defendants.[2] The complaint, liberally read, probably alleges a state law cause of action for alleged breaches of fiduciary duties on the part of Delucca,[3] but since the complaint does not allege diversity as a jurisdictional basis (nor does it appear from the face of the complaint that complete diversity would exist), such a claim would not be cognizable here.

■ The complaint's only direct attack on Mercado is in its charge of his engaging in unethical behavior.[4] There is no explanation as to how the unethical behavior resulted in damage to the plaintiff. It is very difficult for us to see what possible cause of action giving rise to damages exists, even under local law.

As to federal law, no claim exists whatsoever. To state a claim under section 1983, the plaintiff must allege that the conduct complained of was committed by a person acting under color of state law; and that this conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution. First, it is not clear that either Delucca or Mercado acted under col-

or of state law in their roles before the Superior Court. *Thomas v. Morrow*, 781 F.2d 367 (4th Cir.), *cert. denied*, 476 U.S. 1124, 106 S.Ct. 1992, 90 L.Ed.2d 673 (1986) (guardian considered state actor for purposes of § 1983); *Taylor v. First Wyoming Bank*, 707 F.2d 388 (9th Cir.1983) (guardian not considered state actor for § 1983 purposes). Even assuming that they did, however, since the asserted violation is a deprivation of due process, this plaintiff must show that he was not afforded the process to which he was due. As the Supreme Court stated in *Parratt v. Taylor*, 451 U.S. 527, 537, 101 S.Ct. 1908, 1914, 68 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), even where a section 1983 litigant shows that there was a deprivation, under color of state law, of a thing that is a validly defined property interest under state law, a plaintiff proceeding under the Due Process clause has still not stated a case. "Nothing in [the fourteenth amendment] protects against all deprivations of life, liberty, or property by the State. The Fourteenth Amendment protects only against deprivations 'without due process of law.'" *Parratt*, 451 U.S. at 537, 101 S.Ct. at 1914.

Even assuming that the Superior Court judge erred in his rulings, and the guardians took advantage of that situation to breach fiduciary duties and steal or mismanage funds or real property owned by Olga Leverock–Hassell, plaintiff fails to allege that state court procedures are not in place to correct such errors, or that the procedures in place are not adequate. We assume that the rulings of the judge in the case could be reviewed, and breaches of fiduciary duties could be pursued in parallel proceedings. A motion for an accounting could be made, and, if denied, appealed.

---

**2.** We note that defendant Mercado does not consent to personal jurisdiction of this court, but since we *sua sponte* dismiss the action as to all defendants, we need not reach his objections to service.

**3.** We take absolutely no position on the viability of those claims, nor even on whether, after close analysis, such a cause of action has indeed been stated. We are not concerned with what

local causes of action exist, but only with the causes of action for which there is jurisdiction in this court.

**4.** We strongly reiterate that we take no position as to whether any ethical violation occurred. The charge on that issue is vague and confusing. We accept as true that a violation occurred for purposes of dismissing this case only.

At any rate, plaintiff has fallen far short of showing that the alleged illegalities surrounding the state court litigation could possibly approach a constitutional level giving rise to section 1983 relief. *See Hagerty v. Succession of Clement*, 749 F.2d 217 (5th Cir.1984) (suit dismissed against state court judge and others involved in the state court proceedings, filed by litigant angered by judge's failure to grant a continuance).

We see absolutely no merit in any claim of a deprivation of first-amendment rights. The only potential complaint would lie against the judge for the threats against plaintiff speaking out in the courtroom. That line of reasoning would fail for many reasons, but we need not address it since the action for damages against the judge cannot lie on account of judicial immunity.

The wrongs complained of here, if they exist at all, sound in state law. No valid federal claim for relief is stated. In essence, plaintiff seeks to "appeal" to this district court for decisions taken in the state court which he believes to be erroneous. We have no power to entertain such a request. *MacKay v. Pfeil*, 827 F.2d 540, 544 (9th Cir.1987). The petition is DISMISSED in its entirety as to all parties. Motions for fees and costs on all sides are DENIED.

IT IS SO ORDERED.