**Helen REED, et al., Plaintiffs,**

v.

**David B. MARKER, Defendant.**

**Civ. A. No. 90–171J.**

United States District Court,
W.D. Pennsylvania.

April 24, 1991.

MEMORANDUM ORDER

D. BROOKS SMITH, District Judge.

On September 7, 1990, plaintiffs filed a civil rights complaint seeking monetary damages alleging that on September 8, 1988, Trooper David B. Marker of the Pennsylvania State Police applied for a search warrant and, with six to eight unknown law enforcement officers, executed it on their residence in Somerset County in violation of their constitutional rights. The Commonwealth of Pennsylvania and Trooper Marker in his official capacity filed a Motion to Dismiss under Fed.R.Civ.P. 12(b)(1) and (6), asserting that this Court lacked jurisdiction over them because of the Eleventh Amendment, and that they were not persons who could be sued under 42 U.S.C. § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). We granted the motion to dismiss the official capacity claims on October 25, 1990, and directed the plaintiffs to file an amended complaint.

Plaintiffs' Amended Complaint was filed on November 16, 1990, against Trooper Marker only, in his individual capacity, alleging that he violated the rights of the plaintiffs to be secure against unreasonable searches and seizures under the Fourth Amendment, to be informed of the nature and cause of the accusation against them under the Sixth Amendment, and to procedural due process, substantive due process, and equal protection of the laws under the Fourteenth Amendment.

The defendant has filed a motion to dismiss, asserting that the complaint fails to state claims for violation of any rights, Fed.R.Civ.P. 12(b)(6), and in the alternative for summary judgment on the grounds of qualified immunity. *See Anderson v. Creighton*, 483 U.S. 635, 638–39, 107 S.Ct. 3034, 3038–39, 97 L.Ed.2d 523 (1987). We grant the motions to dismiss the Sixth Amendment, due process, and equal protection claims, and grant the motion for summary judgment on the Fourth Amendment claim, in part. Because at this stage of the proceeding there is an insufficient factual

Kim Gibson, Somerset, Pa., for plaintiffs.

Gloria A. Tischuk, Deputy Atty. Gen., Pittsburgh, Pa., for defendant.

record to resolve in its entirety the issue of qualified immunity, we deny the motion for summary judgment on the Fourth Amendment claim, in part.

■ Initially, we grant the motions to dismiss all of the non-Fourth Amendment claims. The Sixth Amendment right "to be informed of the nature and cause of the accusation" plainly does not apply where plaintiff alleges that no "accusation", i.e., criminal charge, was ever filed or even contemplated against plaintiffs. Amended Complaint, ¶ 20. The equal protection clause of the Fourteenth Amendment is likewise irrelevant to plaintiffs' Amended Complaint, because there is no allegation of any action taken by the defendant toward the defendants as members of any constitutionally identifiable class.

Formerly, a historically appealing argument could have been made that plaintiffs' allegations state claims under the Fourteenth Amendment's due process clause, but the Supreme Court has recently brought some order to the earlier *ad hoc* jurisprudence of substantive due process:

> [A]ll claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach.

*Graham v. Connor,* 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989) (emphasis in original). *Cf. Gilmere v. City of Atlanta,* 774 F.2d 1495, 1500–01 (11th Cir.1985), *cert. denied sub nom. Sampson v. Gilmere,* 476 U.S. 1124, 106 S.Ct. 1993, 90 L.Ed.2d 673 (1986) (substantive due process claim).

Similarly, the Supreme Court's application of the Fourth Amendment's specific textual requirement of "probable cause" to applications for search warrants, *see e.g. Illinois v. Gates,* 462 U.S. 213, 103 S.Ct.

2317, 76 L.Ed.2d 527 (1983), displaces plaintiffs' reliance on the general Fourteenth Amendment right to procedural due process alleged to have been violated by Trooper Marker in his application for the search warrant. We therefore measure the plaintiffs' allegations concerning Trooper Marker's application for a search warrant against the Fourth Amendment's specific requirement of probable cause. *See Malley v. Briggs,* 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).[1]

Conceivably, the procedural component of the Fourteenth Amendment's due process clause could be relevant to a claim by plaintiffs that, whatever the motivation behind Trooper Marker's actions, Pennsylvania denies them due process because it provides plaintiffs no avenue of redress under state law. *See* 42 Pa.C.S. § 8522(b) (listing exceptions to sovereign immunity). The Supreme Court has not spoken clearly on this subject. *Compare Parratt v. Taylor,* 451 U.S. 527, 537–544, 101 S.Ct. 1908, 1913–17, 68 L.Ed.2d 420 (1981) (suggesting existence of state tort remedy is relevant to adequacy of process), *overruled in part on other grounds by Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Ingraham v. Wright,* 430 U.S. 651, 673, 682, 97 S.Ct. 1401, 1413, 1418, 51 L.Ed.2d 711 (1977) (same), *with Martinez v. California,* 444 U.S. 277, 281–82, 100 S.Ct. 553, 557–58, 62 L.Ed.2d 481 (1980) (immunity of state officials from suit not deprivation without due process) (dictum); *Ferri v. Ackerman,* 444 U.S. 193, 198, 100 S.Ct. 402, 406, 62 L.Ed.2d 355 (1979) (state immunity doctrines not matters of federal interest); *Daniels v. Williams,* 474 U.S. at 342, 106 S.Ct. at 680 (Stevens, J., concurring). If plaintiffs had raised this procedural due process claim, we would have denied it on the basis of *Martinez* and *Davidson v. O'lone,* 752 F.2d 817, 830 (3d Cir.1983) (en banc), *aff'd on other grounds*

---

**1.** We disregard then, as superfluous, defendant Marker's argument that *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986), and *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), bar plaintiffs' claims that he was negligent in applying

for and executing the search warrant; we disregard as irrelevant plaintiffs' argument that they sufficiently allege an intentional or reckless state of mind on Trooper Marker's part. *See Harlow v. Fitzgerald,* 457 U.S. 800, 815–20, 102 S.Ct. 2727, 2736–39, 73 L.Ed.2d 396 (1982).

*sub nom. Davidson v. Cannon,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

Plaintiffs' Amended Complaint alleges facts relevant to two distinct Fourth Amendment claims. First, plaintiffs allege that Marker provided "incorrect, erroneous information" in his application for a search warrant, that he "neglected to make a reasonable and necessary factual investigation of the information provided to him," and that he failed to take reasonable measures to ensure that the residence described in the warrant was the residence intended to be searched. Amended Complaint, ¶ 13. These claims must be examined under the standard announced in *Malley v. Briggs,* 475 U.S. 335, 344–45, 106 S.Ct. 1092, 1097–98, 89 L.Ed.2d 271 (1986):

> Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable will the shield of immunity be lost.

Secondly, plaintiffs' allegations that the warrant was executed at 1:15 a.m. by seven to nine officers who broke down the door to the residence so that the 72 year-old Helen Reed was knocked unconscious as she was attempting to let the officers enter, Amended Complaint, ¶ 16, and who aimed loaded shotguns and revolvers at the pajama-clad plaintiffs, two of them teenage girls, for approximately one hour while they searched the house, *id.,* ¶¶ 15, 17–19, must be examined under *Graham v. Connor,* 490 U.S. 386, 397, 109 S.Ct. 1865, 1872, 104 L.Ed.2d 443 (1989):

> [T]he question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

■ In light of the constitutional standards established by *Malley,* summary judgment must be entered in favor of defendant Marker on plaintiffs' Fourth Amendment claim relating to Trooper Marker's actions in securing the warrant. The affidavit of probable cause, which we attach as an appendix to this memorandum, is sufficient under federal and Pennsylvania standards. *See United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); *Commonwealth v. Edmunds,* —— Pa. ——, 586 A.2d 887 (Pa.1991). The information concerning the address is simply wrong. Absent knowledge on the part of Trooper Marker that his informant was untruthful concerning the location of the premises to be searched, which plaintiffs do not allege, Trooper Marker had every reason to believe he had sufficient correct information to support his warrant.

■ Plaintiffs' sole argument against the grant of summary judgment on this point is based on an unsupported assertion that there is a constitutional duty to verify information contained in an affidavit of probable cause. Settled law holds to the contrary. In *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the Supreme Court held that the government did not have the burden of proving the truth of statements in an affidavit of probable cause which were alleged to be deliberate falsehoods. *Franks* holds that as a matter of federal constitutional law, to obtain even a suppression hearing, a defendant in a criminal case must make a specific showing of dishonesty by the affiant in the affidavit of probable cause. 438 U.S. at 171, 98 S.Ct. at 2684. *A fortiori,* a plaintiff in a civil suit cannot, merely by alleging that information in the affidavit is incorrect, strip an affiant of his qualified immunity. *See Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) (no Fourth Amendment or due process violation resulting from the arrest and detention for three days of an innocent person pursuant to a facially valid but erroneous warrant).

■ We also grant summary judgment to defendant Marker on the excessive force claim relative to the initial execution of the search warrant. Even judged in hindsight, neither the time nor the manner of the execution of the search warrant was objectively unreasonable. It is an unfortunate but stark and inescapable truth of law enforcement today that the so-called war on drugs is a shooting war, and officers who execute search warrants on suspected drug distribution or production points must be

prepared to use stealth, surprise, and advantage in numbers merely to reduce their risk of injury or death. It is unfortunate that Helen Reed was injured by the violent entry of the officers on a mistaken search, but plaintiffs do not allege that the injury was intentional, and as a matter of law a nighttime entry by force with little warning is not constitutionally unreasonable.

 Given the existence of a valid, if mistaken, search warrant and its execution upon an occupied location, law enforcement officers have a limited authority to detain occupants of the premises while the search is in progress. *Michigan v. Summers*, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981). Excessive detention of persons or seizure of property clearly beyond the scope of the warrant can, however, constitute conduct which is not part of the reasonable execution of a search warrant. *See e.g. United States v. Bentley*, 825 F.2d 1104, 1110 (7th Cir.1987). ("The fourth amendment bans exploratory rummaging ... and excessive seizures....") Here, plaintiffs allege that they were held at gunpoint constantly for an hour while the officers searched their residence.

 A host of factual allegations necessary to judge the reasonableness of this conduct remains unknown. Many of the allegations should have been pleaded in the Amended Complaint. *See e.g., Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3d Cir.1988) (necessity for factual specificity in civil rights complaints). However, although we could order another Amended Complaint, we do not do so. We think the issues necessary to decide the reasonableness of Trooper Marker's conduct in the later stages of the execution of the search are defined clearly enough that it will be quicker and more economical for the parties to undertake discovery rather than go through another round of complaint and motion to dismiss. We therefore direct the defendant to file his answer within twenty (20) days of the date of this Memorandum Order.

# APPENDIX

COUNTY OF ___Somerset___ ) AND AFFIDAVIT

| | | | WARRANT CONTROL N. |
|---|---|---|---|
| Tpr. David B. MARKER | Penna. State Police, R D #5, Somerset, Pa.445-4104 | | A 35158 |
| *(Name of Affiant)* | *(Police Department or address of private Affiant)* | *(Phone No.)* | |

being duly sworn (or affirmed) before me according to law, deposes and says that there is probable cause to believe that certain property is evidence of or the fruit of a crime or is contraband or is unlawfully possessed or is otherwise subject to seizure, and is located at particular premises or in the possession of particular person as described below.

DATE OF APPLICATION: 09/08/88

INVENTORY No.

IDENTIFY ITEMS TO BE SEARCHED FOR AND SEIZED *(be as specific as possible):* Marihuana, a Schedule I Controlled Substance paraphenalia that may be used to facilitate the manufacture and distribution and /or use of controlled substances, any currency in the proximity of the controlled substances, any written records pertaining to the receipt and/or distribution of controlled substances, records or residency and/or ownership and all other controlled substances.

SPECIFIC DESCRIPTION OF PREMISES AND/OR PERSONS TO BE SEARCHED *(Street and No., Apt. No., Vehicle, Safe Deposit Box, etc.):* Two story wood frame single family dwelling, red insulbrick and silver cellotox siding with white trim. Attached porch on front with out buildings. Located on the east side of SH403, .5 mile south of SR1023, Shade Twp at the Quemahoning Twpline.

NAME OF OWNER, OCCUPANT OR POSSESSOR OF SAID PREMISES TO BE SEARCHED *(If proper name is unknown, give alias and/or description):* White male, apprx 25-30 yrs, 602 thai, 225-230 lbs.

| VIOLATION OF *(Describe conduct or specify statute):* | DATE OF VIOLATION |
|---|---|
| The Pennsylvania Controlled Substance, Drug, Device and Cosmetic Act, As amended. Act 64, Section 13 (a), Paragraphes 16 and/or 30. | 09/08/88 |

PROBABLE CAUSE BELIEF IS BASED ON THE FOLLOWING FACTS AND CIRCUMSTANCES:

On or about the 7 September 1988, I the affiant, David B. MARKER, Trooper, Penna. State Police, received information from a confidential informant whose current name, address, social security number, date of birth and current where abouts are known to the affiant. The informant wishes to remain anonymous for fear of reprisals against his/her self and or property.

1. The informant has released to this affiant unsworn information and was advised by this affiant that giving false information to any police agency is a criminal offense. The informant acknowledged and confirmed that he/she did understand.

2. The informant stated that he/she has been at the residence within the past 72 hours and has witnessed the processing of the marihuana from plant to packages.

3. The Confidential informant refered to herein has been known to this affiant for the past (1) year and has proved to be reliable. The confidential informant has supplied information and continued to furnish your affiant with information that has lead to the arrest and

ATTACH ADDITIONAL PAPER (S) COPIES IF NECESSARY [X] CHECK HERE IF ADDITIONAL PAPER IS USED.

| RESULT OF SEARCH | DATE AND TIME OF SEARCH | | ARREST | JUDGE'S DISPOSITION | | |
|---|---|---|---|---|---|---|
| | 09/08/88 1:15 | [X] A.M. [ ] P.M. | [ ] YES [X] NO. | [ ] DISC. [ ] HELD FOR COURT [ ] HEARING | [ ] FURTHER | [ ] FINED OR COMMITTED |

GIVE BRIEF NARRATIVE OF WHAT HAPPENED

PROPERTY SEIZED *(If "yes" list inventory on separate form, R2008 and enter control number(s) here _____ )*
[ ] YES [X] NO

| SIGNATURE OF PERSON SEIZING PROPERTY | BADGE NO. | OTHER OFFICERS PARTICIPATING IN SEARCH: |
|---|---|---|

| | | | |
|---|---|---|---|
| T. D. B. Marker | RD #5 Somerset, Some 1550 | 2;3 | PSP |
| *Signature of Affiant* | *Address of Private Affiant* | *Badge No.* | *District/Unit* |

Sworn to and subscribed before me this ___7___ day of ___ 19__. Office Address ___

(SEAL) Mag Dist. No ___

658

3. conviction for felony violations within Somerset County. The Confidential informant is not providing t' is information out of self interest but wishes to stop a substantial source of marihuana distribution in the community.

4. This affiant is of the belief that, because the facts supporting this affidavit are contemporaneous to the information obtained by your affiant through investigation, and the affiants experience in the investigation field for illicit drug activity, your affiant is of the opinion that illicit controlled substances are presently at the previously described residence.

5. A request for a night time search is made for a search between the hours of 10:00 p.m. and 6:00 a.m. of the described residence due to the marihuana being processed and the controlled substance is subject to distribution and if the search is delayed the controlled substance may be removed from the premises.

AFFIANTS SIGNATURE

*Tpr. D B Marker*

AFFIANTS ADDRESS:
Pennsylvania State Police
RD #5, Box 12A
Somerset, Pa. 15501

SWORN TO AND SUBSCRIBED BEFORE ME

THIS _8_ DAY OF _SEPT._, 1988

SIGNATURE OF ISSUING AUTHORITY

MAGISTERIAL DISTRICT NUMBER