931 F.2d 811
 Emma F. GILMERE, Individually and as administratrix of the
Estate of Thomas E. Patilla, Plaintiff-Appellant,
v.
CITY OF ATLANTA, GEORGIA, a Municipal Corporation, Carroll
Charles Craig, Individually and in his Official Capacity as
a Police Officer for the City of Atlanta, and R.C. Sampson,
Individually and in his Official Capacity as a Police
Officer for the City of Atlanta, Defendants-Appellees,
Maynard Jackson, Individually and in his Official Capacity
as Mayor of the City of Atlanta, Lee Brown, Individually and
in his Official Capacity as Public Safety Commissioner of
the City of Atlanta, and George Napper, Individually and in
his Official Capacity as Chief of Police of the City of
Atlanta, Defendants.
 No. 90-8311.
 United States Court of Appeals,
Eleventh Circuit.
 May 17, 1991.
 
 J.M. Raffauf, Decatur, and Elizabeth Joan Appley, Atlanta, Ga., for plaintiff-appellant.
 Marva Jones Brooks, Office of Atlanta City Atty. and Mary Carole Cooney, Deputy City Atty., Atlanta, Ga., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before CLARK and BIRCH, Circuit Judges, and COFFIN,* Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Spanning over a decade of litigation, this 42 U.S.C. Sec. 1983 action, involving the beating and shooting death of an arrestee by Atlanta policemen, again is before this court. The sole issue on appeal is our review of the district court's attorney's fee and cost award after remand. Because the district court has not stated its reasoning or bases for making its award, regrettably, we must remand this case for clarification.
 
 BACKGROUND
 
 2
 We need not reiterate all the facts and legal issues, which have been discussed thoroughly by this court in three previous opinions. Gilmere v. City of Atlanta, 737 F.2d 894 (11th Cir.1984) (Gilmere I ), reh'g en banc, 774 F.2d 1495 (11th Cir.1985) (Gilmere II ), cert. denied, 476 U.S. 1115, 106 S.Ct. 1970, 90 L.Ed.2d 654, 476 U.S. 1124, 106 S.Ct. 1993, 90 L.Ed.2d 673 (1986), appeal after remand, 864 F.2d 734 (11th Cir.) (Gilmere III ), cert. denied, --- U.S. ----, 110 S.Ct. 70, 107 L.Ed.2d 37 (1989). It is sufficient for this appeal to review only facts and pertinent rulings that are applicable to the attorney's fee and cost issue before us. Plaintiff-appellant Emma F. Gilmere is the administratrix of the estate of her brother, decedent Thomas E. Patillo, who resisted being subdued by Atlanta policemen R.C. Sampson and Carroll Charles Craig, defendants-appellees. In the "ensuing scuffle," Officer Sampson shot and killed Patillo. Gilmere II, 774 F.2d at 1497.
 
 
 3
 In Gilmere II, the en banc court affirmed the judgment of liability against Officers Sampson and Craig for beating Patillo in violation of his constitutional rights and the judgment of liability against Officer Sampson for killing Patillo. The court reversed the district court's finding of section 1983 municipal liability because Gilmere had failed to establish a "policy" or "custom" as the basis for implicating the City of Atlanta under Monell v. Department of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Gilmere II, 774 F.2d at 1503. The en banc court vacated the district court's 42 U.S.C. Sec. 1988 award of costs and attorney's fees and remanded the case "for further consideration in light of this opinion and the additional proceedings that have taken place since the district court's original awards."[1] Id. at 1505.
 
 
 4
 Upon having its initial award of $28,464 for reasonable attorney's fees and $8,606.40 for costs vacated by the en banc court in Gilmere II, the district court on remand reduced the attorney's fee award by twenty-five percent (25%) and refused to allow costs for Gilmere's expert witness because Gilmere had not prevailed on her theory of municipal liability. The district court awarded Gilmere $17,790 in attorney's fees and $7,119.41 in costs against Officers Craig and Sampson, and $5,000 in attorney's fees and costs against Officer Sampson. The district court's awards included counsel's appeal and remand work. In Gilmere III, Gilmere contended that the district court had abused its discretion by failing to make an adequate attorney's fee award. Regarding trial hours and costs claimed, this court determined that the district court did not abuse its discretion in reducing the attorney's fee award and costs, in not awarding a fee enhancement, and in calculating the amount of hours expended in the trial of the case, complete with explanations of hours disallowed. Gilmere III, 864 F.2d at 742-43.
 
 
 5
 This court, however, explained that "[c]alculating the hours expended is only one-half the analysis in considering an award of attorney's fees" and that "[t]he court must also determine the reasonable hourly rate in order to estimate the value of the lawyer's services." Id. at 742 (citing Norman v. Housing Auth. of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir.1988)). Despite the district court's considering customary fees in similar cases, the amount involved, the results obtained, and the experience, reputation and ability of counsel, this court concluded that $40 as the hourly fee for Gilmere's counsel was "inadequate compensation" and an abuse of the district court's discretion in determining the hourly rate. Gilmere III, 864 F.2d at 742. Furthermore, this court clarified for the district court its inability to review the attorney's fee award for the appellate and remand work:
 
 
 6
 We cannot give meaningful review to the district court's award for the appeal and remand. The orders granting these fees fail to set forth either the hourly rate or the number of hours the court considered reasonably expended at these stages of litigation. See Norman, 836 F.2d at 1304. We note that we do not take issue with the district court's decision not to award the full amount requested. However, for the reasons just given, we are unable to review the award. In light of the foregoing discussion, we must vacate the award of attorney's fees made by the district court.
 
 
 7
 Id.
 
 
 8
 The Gilmere III court also addressed Gilmere's persistent argument that the City of Atlanta is liable for all damages, attorney's fees and costs awarded in this case. Because the en banc court in Gilmere II had found no municipal liability, the court found the pursuit of this argument to be "frivolous." Id. (citing Gilmere II, 774 F.2d at 1502-04). The court unequivocally stated that "[t]he finding of no liability as to the City is the law of the case and appellant may not pursue a judgment against the City." Gilmere III, 864 F.2d at 742.
 
 
 9
 Following the Gilmere III remand for reconsideration of a reasonable hourly rate and further findings in order to formulate a proper award of attorney's fees and costs for the appeals and remand, the district court entered an order adjusting the attorney's fee and cost award on October 10, 1989. R4-615. Without explanation, the district court adjusted the hourly rate for Gilmere's original trial and appellate counsel to $75 per hour. With no change in the number of hours, this upward adjustment in fees accorded Gilmere's counsel $29,306.25 for the claimed 390.75 trial hours. The district court also awarded the amounts of $3,596.41 and $2,160 for trial costs and paralegal fees, respectively. This amounted to a total award of $35,062.66 for trial fees and expenses.
 
 
 10
 For the cross or first appeal, the district court stated that the hours claimed by Gilmere's attorney were "excessive." Id. at 3. Therefore, the district court awarded only 62.5, or approximately fifteen percent (15%), of the hours claimed because of Gilmere's "partial success." Id. This adjustment resulted in $4,687.50 in attorney's fees for 62.5 hours at $75 per hour for Gilmere's counsel and $3,523 in costs against defendant Sampson on the cross appeal.
 
 
 11
 Two attorneys participated in the first remand of this case on behalf of Gilmere. Reiterating its conclusion that both attorneys used a significant portion of the brief to make unpersuasive and extraneous arguments, the district court allowed 20 of the 70.8 hours claimed by one attorney and 30 of the 75.8 hours claimed by the other. Because the first attorney's hourly rate of $95 was not contested by defendants, the district court used that rate to award the attorney $2,850 for 30 hours of work. Interestingly, the other attorney, who was trial counsel and has continued to represent Gilmere through the appeals, including this appeal, was awarded $1,500 for 20 hours at $75 per hour.
 
 
 12
 Stating that Gilmere was successful regarding the hourly rate issue only with respect to the second appeal, the district court used the attorney's affidavit representation that thirty-five percent (35%) of the total time on the second appeal was spent on this issue in determining the attorney's fee. The district court awarded the attorney $1,323 for 17.64 hours at $75 per hour for the second appeal against defendant Sampson. The total attorney's fee and cost award for the two appeals and remand work was $13,883.50.
 
 
 13
 Based on the attorney's fee and cost award resulting from the remand of Gilmere III, Gilmere appeals yet again. She raises two repetitive issues. First, the district court abused its discretion in failing to make an adequate attorney's fee award. Second, the district court should require the City of Atlanta to pay this civil rights judgment, attorney's fees and costs.
 
 DISCUSSION
 
 14
 "A district court's determination of a reasonable fee will not be upset absent an abuse of discretion." Popham v. City of Kennesaw, 820 F.2d 1570, 1581 (11th Cir.1987). Under this review standard, the district court has great latitude in formulating attorney's fee awards. The district court, however, must explain its reasoning in determining a reasonable attorney's fee to give this court an adequate and informed basis for review.
 
 
 15
 We explained in Gilmere III that "[w]e do not lightly upset the district court's findings" regarding its determination of an attorney's hourly rate. Gilmere III, 864 F.2d at 742. From our own " 'knowledge and experience concerning reasonable and proper fees,' " however, this court found that the unsubstantiated hourly fee for Gilmere's counsel was inadequate compensation necessitating our vacating the district court's attorney's fee award and remanding the case for further findings on this issue. Id. (quoting Norman, 836 F.2d at 1303). We emphasized that we were unable to accord the district court's award for the appellate and remand work meaningful review. We need not restate, but reference, the guidance that this court gave the district court in calculating a reasonable hourly rate, stressing that the district court's reasons for arriving at its conclusive figure for the attorney's hourly rate should be stated clearly. Gilmere III, 864 F.2d at 742.
 
 
 16
 Alas, this court has been presented with another attorney's fee and cost award wherein an unexplained figure is stated as the hourly rate for Gilmere's counsel for trial and appellate work, and no indication is given for the derivation of the hourly rate or for the calculation of attorney's fees and costs for the appeal and remand as directed by Gilmere III: "The award of attorney's fees is vacated and remanded for reconsideration of a reasonable hourly rate and for further findings as to the proper award for fees and costs for the appeal and remand." Id. at 743. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (emphasis added). We have no reasoning by the district court to enable us to review the manner in which the district court determined the $75 per hour rate to be appropriate for Gilmere's principal counsel in this protracted litigation or the rationale for awarding attorney's fees and costs for the appeals and remand.[2]
 
 
 17
 Even without complaints from defendants, it is particularly baffling to us that the district court accorded an attorney who worked solely on the remand a higher hourly rate than Gilmere's attorney, who has been the mainstay counsel from the trial through the appeals in this case. That attorney surely possessed knowledge of the case that was beneficial for the various appeals. Furthermore, it is logical, and in compliance generally with attorney billing practices, that the district court might have fashioned a different hourly rate for trial as opposed to appellate work for Gilmere's counsel.
 
 
 18
 Regarding the attorney's fees and costs awarded for the two previous appeals and remand work, the district court has failed to state precisely its analysis and calculations used to derive these awards. Our concerns regarding the awards are that the district court did not justify the number of compensable hours allowed and the lack of description of the costs. For example, the mere statement that hours are excessive without an explanation for deducting hours claimed is not useful to us on review. Upon remand, we trust that the district court will delineate specifically the reasonable hours allowed and costs awarded for the appellate and remand work in this case.[3]
 
 
 19
 The attorney's fee aspect of this case contravenes the objective in civil rights litigation that "[a] request for attorney's fees should not result in a second major litigation." Hensley, 461 U.S. at 437, 103 S.Ct. at 1941. Although prolonging this litigation is regrettable, we must vacate the district court's most recent attorney's fee and cost award and remand again on this issue for findings in accordance with our instructions regarding calculation of an hourly rate in Gilmere III. Particularly disturbing to this court is the representation by Gilmere's counsel that no judgment or attorney's fees whatsoever have been paid to Gilmere or her counsel for obtaining partial success resulting from her brother's beating and killing by Atlanta policemen over ten years ago.
 
 
 20
 Gilmere's second appellate issue is not only duplicative, but also is completely without merit. This court unequivocally informed Gilmere in Gilmere III that the holding of the en banc court in Gilmere II that the City of Atlanta had no liability in this action became the law of the case. Gilmere III, 864 F.2d at 742. Therefore, the Gilmere III court held that "appellant may not pursue a judgment against the City." Id. Nevertheless, Gilmere has pursued that argument in this appeal. The law of the case doctrine in this circuit precludes our consideration of this issue. See Heathcoat v. Potts, 905 F.2d 367, 370-71 (11th Cir.1990) (per curiam); Sales v. State Farm Fire & Casualty Co., 902 F.2d 933, 935-36 (11th Cir.1990); Litman v. Massachusetts Mut. Life Ins. Co., 825 F.2d 1506, 1510-11 (11th Cir.1987) (en banc), cert. denied, 484 U.S. 1006, 108 S.Ct. 700, 98 L.Ed.2d 652 (1988); Wheeler v. City of Pleasant Grove, 746 F.2d 1437, 1440 (11th Cir.1984) (per curiam).
 
 
 21
 Accordingly, the district court's award of attorney's fees and costs is VACATED and this award is REMANDED for reconsideration of a reasonable hourly rate as well as attorney's fees and costs for the appellate and remand work, with a full, explicit explanation of the reasons for the district court's determination of these amounts.[4]
 
 
 
 *
 Honorable Frank M. Coffin, Senior U.S. Circuit Judge for the First Circuit, sitting by designation
 
 
 [1]
 Gilmere I also had reversed the district court's Section 1988 attorney's fee award against the City of Atlanta as well as Officers Craig and Sampson. Gilmere I, 737 F.2d at 911
 
 
 [2]
 Although Gilmere's attorney requested $75 per hour, the apparent source of this figure used by the district court for the hourly rate, the court was instructed to explain its derivation of a reasonable hourly rate. Gilmere III, 864 F.2d at 742-43. The district court has given us no reasoning for its utilization of this rate, even with the guidance of this court. Norman, 836 F.2d at 1299-1301. "Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." Id. at 1299 (citing Hensley, 461 U.S. at 439 n. 15, 103 S.Ct. at 1942 n. 15). The Gilmere III court found that $40 per hour was "inadequate compensation" for Gilmere's counsel. Gilmere III, 864 F.2d at 742. It is foreseeable that the district court, after performing the Norman analysis, may find that an hourly rate other than $75 is appropriate for Gilmere's counsel in this extensive litigation
 
 
 [3]
 Our specific concerns with the district court's awards for the two previous appeals and remand work should be addressed by the district court on this remand. The district court's award of fifteen percent (15%) of the hours claimed for the first appeal, which culminated in the en banc Gilmere II decision, appears to be insufficient. On remand, we would expect the district court to explain specifically its reasoning for using fifteen percent (15%) of the claimed hours expended as the appropriate measure of allowable time rather than another percentage. Without explanation, the district court additionally disallowed hours of the two attorneys for remand work, citing, but not explaining, the hours spent briefing unpersuasive and extraneous arguments. Furthermore, the district court credited Gilmere with success solely on the hourly rate issue on the second appeal. Based on the affidavit statement by Gilmere's attorney that thirty-five percent (35%) of the total time on the second appeal was spent on the hourly rate issue, the district court awarded thirty-five percent (35%) of the requested hours. Gilmere, however, also was successful on her claim for reasonable attorney's fees and costs for the appellate and remand work. The district court's crediting time spent on the hourly rate issue only is incomplete. The calculation of reasonable hours has not been made in accordance with the instruction of this court. Gilmere III, 864 F.2d at 742; Norman, 836 F.2d at 1301-02. Costs for the first appeal only have been awarded without description, and no costs have been awarded for the remand and second appeal with no explanation for these omissions
 
 
 [4]
 We envision that the district court's compliance with this opinion will consider all aspects of the remanded hourly rate and the attorney's fees and costs for the appellate and remand work, including any fee applications incident to this appeal, that it deems appropriate to terminate this long-lived litigation