[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 19, 2008
THOMAS K. KAHN
CLERK

No. 07-14214

D. C. Docket No. 06-00714- CV-ODE-1

MAID OF THE MIST CORPORATION,
MAID OF THE MIST STEAMBOAT COMPANY, LTD.,

Plaintiffs-Counter-Defendants-
Appellees,

versus

ALCATRAZ MEDIA, LLC,
ALCATRAZ MEDIA, INC.,

Defendants-Counter-Claimants-
Appellants,

WILLIAM M. WINDSOR,

Defendant.

No. 07-14235

D. C . Docket No. 06-00714-CV-1

MAID OF THE MIST CORPORATION,
MAID OF THE MIST STEAMBOAT COMPANY, LTD.,

Plaintiffs-Counter-Defendants-
Appellees,

versus

ALCATRAZ MEDIA, LLC,
ALCATRAZ MEDIA, INC.,

Defendants-Counter-Claimants,

WILLIAM M. WINDSOR,

Defendant-Counter-Claimant-
Appellant.

_____

No. 07-15200
_____

D. C. Docket No. 06-00714 CV-ODE-1

MAID OF THE MIST CORPORATION,
MAID OF THE MIST STEAMBOAT COMPANY, LTD.,

Plaintiffs-Counter-Defendants-
Appellees,

versus

ALCATRAZ MEDIA, LLC,
ALCATRAZ MEDIA, INC.,
WILLIAM M. WINDSOR,

Defendants-Counter-Claimants-
Appellants.

No. 07-15865

D. C. Docket No. 06-00714 CV-ODE-1

MAID OF THE MIST CORPORATION,
MAID OF THE MIST STEAMBOAT COMPANY, LTD.,

Plaintiffs-Counter-Claimants-
Defendants-Appellees,

versus

ALCATRAZ MEDIA, LLC,
ALCATRAZ MEDIA, INC.,
WILLIAM M. WINDSOR,

Defendants-Counter-Claimants-
Appellants.

Appeals from the United States District Court
for the Northern District of Georgia

**(September 19, 2008)**

Before DUBINA, HULL and FAY, Circuit Judges.

PER CURIAM:

Appellants Alcatraz Media, LLC, Alcatraz Media, Inc. (collectively

"Alcatraz"), and William Windsor appeal the district court's grant of Appellee

Maid of the Mist's ("Maid") motion for summary judgment. Additionally,

Alcatraz and Windsor appeal the district court's order granting permanent injunctive relief against them. Alcatraz and Windsor also appeal the district court's order granting Maid attorney's fees and costs.

We review a district court's order granting summary judgment de novo, reviewing the evidence in the light most favorable to the party opposing the motion. See Patrick v. Floyd Med. Ctr, 201 F.3d 1313, 1315 (11th Cir. 2000). We review the scope of a district court's order granting permanent injunctive relief for abuse of discretion. See Palmer & Cay, Inc. v. March & McLennan Cos. Inc., 404 F.3d 1297, 1308 (11th Cir. 2005).

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude the district court properly granted summary judgment to Maid on its claim for tortious interference with business operations and properly issued a permanent injunction against Alcatraz and Windsor. The record demonstrates that Alcatraz and Windsor: (1) acted improperly and without privilege; (2) acted purposely and maliciously with the intent to injure Maid; (3) induced third parties not to enter into or continue a business relationship with Maid; and (4) caused Maid financial injury. Thus, the permanent injunction was properly granted because Maid demonstrated success on the merits, continuing irreparable injury, and the lack of an adequate remedy at law.

4

We also conclude from the record that the district court properly granted summary judgment in Maid's favor on Alcatraz's counterclaims for breach of contract, promissory estoppel, and slander, in violation of the Georgia Fair Business Practices Act. Alcatraz's counterclaims were meritless, and Alcatraz asserted these claims to cause Maid unnecessary financial hardship. Because we see no merit to any of the arguments Alcatraz or Windsor make in this appeal, we affirm the district court's order granting summary judgment and its order granting permanent injunctive relief.

Similarly, we conclude that the district court properly determined that Maid is entitled to recover attorney's fees and expenses for its successful tortious interference claim under O.C.G.A. § 13-6-11 based on Alcatraz and Windsor's stubbornly litigious pre-suit conduct that gave rise to this litigation. See Paul v. Destito, 250 Ga. App. 631, 642, 550 S.E.2d 739, 749-750 (Ga. Ct. App. 2001) (stating that a plaintiff can recover fees and expenses for successful claims and cannot recover fees and expenses for unsuccessful claims, abandoned claims, or counterclaim defenses).

We have concerns, however, about the district court's lack of explanation as to the amount of fees and expenses it awarded. Although the district court has considerable latitude in formulating attorney's fee awards, it must describe its calculation of attorney's fees and expenses to provide this court an adequate and

5

informed basis for review. <u>Gilmere v. City of Atlanta</u>, 931 F.2d 811, 814 (11th Cir. 1991). Conclusory statements about the appropriateness of fees and expenses awarded do not allow for meaningful review. <u>See</u> <u>Norman v. Hous. Auth. of Montgomery</u>, 836 F.2d 1292, 1304 (11th Cir. 1988) ("The court's order on attorney's fees must allow for meaningful review–the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation.").

Here, the district court's limited explanation of its award of attorney's fees and expenses precludes meaningful review. The district court stated the amount of fees and expenses it awarded and described them as "reasonable" considering Alcatraz and Windsor's conduct and "the billing judgment exercised in similar cases in the Atlanta market for comparable legal services." On appeal, Alcatraz and Windsor argue that certain specific time and expense entries are not recoverable because many do not relate to Maid's successful tortious interference claim and because those that do are excessive. Because the district court provided such a limited explanation of its calculations, we cannot address these arguments adequately on appeal.

Although the district court properly found that the hourly rates were reasonable, it did not delineate which hours and entries were excluded or reduced as relating to (1) the unsuccessful claims, (2) the defense of counterclaims, and (3)

6

the numerous hours that Alcatraz alleges were excessive for the tasks performed. A blanket twenty-five percent reduction, without explanation as to why such reduction was appropriate under the circumstances and what hours in the above categories were excluded, does not resolve our concerns. Further, the district court failed to address the appropriateness of certain expense entries that Alcatraz and Windsor claim are inappropriate or excessive, including, among other things, approximately $19,000 for private jet flights, $25,000 for photocopying, and bills from Brooks Brothers.

Nothing herein should imply that the total amounts awarded were unreasonable. Rather, we simply cannot conduct meaningful review of whether or not they were. Accordingly, we vacate the award of attorney's fees and expenses and remand to the district court for reconsideration of the award with a full, explicit explanation of the reasons for the district court's determination of these amounts.

**AFFIRMED, IN PART; VACATED AND REMANDED, IN PART.**