[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 23, 2010
JOHN LEY
CLERK

_____

No. 10-10139
Non-Argument Calendar
_____

D.C. Docket No. 1:06-cv-00714-ODE

MAID OF THE MIST CORPORATION,
MAID OF THE MIST STEAMBOAT COMPANY, LTD.,

Plaintiffs - Counter-
Defendants - Appellees,

versus

ALCATRAZ MEDIA, LLC,
ALCATRAZ MEDIA, INC.,

Defendants -
Counter-Claimants,

WILLIAM M. WINDSOR,

Defendant - Counter-
Claimant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 23, 2010)

Before DUBINA, Chief Judge, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

In March 2006, plaintiffs Maid of the Mist Corporation and Maid of the Mist Steamboat Company ("Maid"), which operated boat tours of Niagara Falls, filed a complaint against Alcatraz Media, LLC, Alcatraz Media, Inc. ("Alcatraz"), and William M. Windsor, who participated in the management of Alcatraz, seeking an injunction against Alcatraz for future ticket sales for Maid of the Mist boat tours. The case was assigned to United States District Judge Orinda Evans, who granted summary judgment in favor of Maid and entered judgment accordingly in October 2007.

William M. Windsor appeals the district court's December 22, 2009, order denying/dismissing 62 post-judgment motions he filed in 2009, dismissing a complaint of professional misconduct he filed in 2009, and issuing an injunction restricting Windsor from filing any further motion, pleading, or other paper in relation to the instant civil action, and any new lawsuit in any court involving claims arising from the same factual predicate or nucleus of operative facts as in the instant case. Specifically, Windsor argues that the district court abused its discretion by: (1) refusing to recuse from this case; (2) denying Windsor's Rule 60 motions for relief from judgment; (3) denying Windsor's motions for sanctions

2

against Maid, its officers, and its attorneys; (4) denying Windsor's motions for a hearing or conference; (5) denying Windsor's motion to waive the requirement that Alcatraz be represented by counsel; (6) denying Windsor's motion to lift a seal from a document and by dismissing his motion to compel discovery; (7) dismissing Windsor's complaint of professional misconduct; and (8) permanently enjoining Windsor and those acting in conjunction with him from filing further pleadings.

After thorough review of the record and consideration of the parties' briefs, we summarily affirm the district court's December 2009 order in all respects. In light of our September 9, 2009, dismissal of Windsor's prior appeal as frivolous, we will address only the injunction issue.

"In reviewing the district court's decision to grant an injunction, including an injunction under the All Writs Act, we apply an abuse-of-discretion standard." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* (internal quotation marks omitted).

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to

carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (*en banc*). The All Writs Act is a codification of this inherent power and provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Klay*, 376 F.3d at 1099 (quoting 28 U.S.C. § 1651(a)). The Act allows courts "to safeguard not only ongoing proceedings, but potential future proceedings, as well as already-issued orders and judgments." *Id.* (footnotes omitted). This includes the power to enjoin litigants who are abusing the court system by harassing their opponents. *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980). A "court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others," and a litigant "can be severely restricted as to what he may file and how he must behave in his applications for judicial relief." *Procup*, 792 at 1074. "[A litigant] just cannot be completely foreclosed from *any* access to the court." *Id.* A party seeking to obtain an All Writs Act injunction "must simply point to some ongoing proceeding, or some past order or judgment, the integrity of which is being threatened by someone else's action or behavior." *Klay*, 376 F.3d at 1100.

We conclude from the record that the district court did not abuse its

4

discretion in imposing the injunction on Windsor based on his litigious behavior that undermined the integrity of the judgments and orders in this case. Although the case is closed, Windsor has repeatedly filed unsubstantiated, duplicative pleadings, many after the district court issued an order denying them. Moreover, his pleadings are long and repetitive, and the volume of his filings poses a burden to clerical and judicial operations and is an impediment to the administration of justice. Windsor's filings also have been costly and burdensome to Maid, who has repeatedly defended itself against unfounded accusations concerning a case in which it prevailed and which has been closed for over two years.

For the aforementioned reasons, we affirm the district court's December 22, 2009, order denying/dismissing all of Windsor's motions, dismissing his complaint of professional misconduct, and imposing a filing injunction upon him.

**AFFIRMED.**