[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 31, 2011
JOHN LEY
CLERK

Nos. 10-11758, 10-11981, 10-12515, 10-12516

Non-Argument Calendar

_____

D.C. Docket No. 1:06-cv-00714-ODE

MAID OF THE MIST CORPORATION,
MAID OF THE MIST STEAMBOAT COMPANY, LTD.,

Plaintiffs
Counter Defendants
Appellees,

versus

ALCATRAZ MEDIA, LLC,
ALCATRAZ MEDIA, INC.,

Defendants
Counter Claimants,

WILLIAM M. WINDSOR,

Defendant
Counter Claimant
Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(October 31, 2011)

Before EDMONDSON, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

In 2005, Maid of the Mist Corporation and Maid of the Mist Steamboat

Company, LTD. (collectively, "Maid of the Mist") sued William Windsor and two

business entities in state court for interfering with business operations. After

removal and much litigation, the district court granted summary judgment and

entered a consent final order and judgment resolving all claims in the case.

Despite agreeing to the final order, Windsor continues to submit filings in this

matter.[1]

This opinion addresses four consolidated appeals brought by Windsor. In a

previous order we determined that any appeal he files must first pass a frivolity

screening. After numerous notices of appeal, we decided that Windsor could seek

review of four of the district court's orders: (1) its April 9, 2010 order imposing

---

[1] In addition to numerous orders, this Court has issued two opinions in this litigation. *Maid of the Mist Corp. v. Alcatraz Media, LLC*, 294 F. App'x 463 (11th Cir. 2008) (per curiam) ("*Maid I*"); *Maid of the Mist Corp. v. Alcatraz Media, LLC*, 388 F. App'x 940 (11th Cir. 2010) (per curiam) ("*Maid II*").

attorneys' fees against Windsor; (2) its April 26, 2010 order finding Windsor in contempt of a December 22, 2009 order; (3) its April 30, 2010 order imposing additional attorneys' fees against Windsor; and (4) its May 4, 2010 denial of reconsideration of the April 9, 2010 order. Our analysis will focus on those orders, and we disregard Windsor's countless remaining attacks on the district court proceedings.

I.

The district court—on Maid of the Mist's motion for post-judgment attorneys' fees and expenses—ordered Windsor to pay $192,377.87 for his post-judgment litigation actions, pursuant to its inherent authority, *inter alia*. It concluded that the dozens of motions filed by Windsor after his first Rule 60(b) motion were "totally frivolous," "filed in bad faith," "objectively unreasonable," and served to "vexatiously and unreasonably multipl[y] the proceedings in this closed case . . . in which [Maid of the Mist] prevailed on the merits nearly three years ago."

Windsor appeals from both the district court's order awarding attorneys' fees and its denial of his motion to reconsider that award. Those decisions are subject to abuse-of-discretion review. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1179–80 (11th Cir. 2005) ("The abuse-of-discretion standard also applies to

3

the extent that the district court's order [awarding attorneys' fees] relies on 28 U.S.C. § 1927 or the court's inherent power."); *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1121 (11th Cir. 2004) ("[W]e also review the denial of his motion for reconsideration for an abuse of discretion."). A federal court, acting under its inherent power, can assess attorneys' fees if a party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46, 111 S. Ct. 2123 (1991) (internal quotation marks omitted).

> The imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of "vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy."

*Id*. at 46 (alterations in original) (quoting *Hutto v. Finney*, 437 U.S. 678, 689 n.14, 98 S. Ct. 2565 (1978)). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Id*. at 44.

Based on our review of the extensive record and the parties' briefs, the district court did not abuse its discretion by awarding the fees requested by Maid of the Mist. None of Windsor's arguments regarding the district court's ability to

4

award sanctions are persuasive and, accordingly, each is summarily dismissed.

Furthermore, Windsor challenges neither Maid of the Mist's specific time or

expense entries nor the specific hourly rates charged. Because the district court

possessed the discretion to award attorneys' fees, and because Windsor did not

challenge the attorneys' fees calculation, we affirm. Likewise, we conclude that

the district court did not abuse its discretion in denying Windsor's motion for

reconsideration of the attorneys' fees award.

## II.

Windsor next appeals from the district court's order finding him in

contempt of its filing injunction.[2]

> This court reviews the grant or denial of a motion for civil
> contempt under the abuse of discretion standard. Upon
> appellate review, a civil contempt order may be upheld
> only if the proof of the defendant's contempt is clear and
> convincing. "This clear and convincing proof must also
> demonstrate that 1) the allegedly violated order was valid
> and lawful; 2) the order was clear, definite and
> unambiguous; and 3) the alleged violator had the ability to
> comply with the order."

---

[2] We previously upheld the district court's order preventing Windsor from filing any motion, pleading, or other document in connection with the facts underlying the original lawsuit in this case. *Maid II*, 388 F. App'x at 942. Accordingly, all of Windsor's arguments pertaining to the legitimacy of the filing injunction have previously been adjudicated.

*McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000) (quoting *Jordan v. Wilson*, 851 F.2d 1290, 1292 n.2 (11th Cir. 1988) (per curiam)). "'[T]he focus of the court's inquiry in civil contempt proceedings is not on the subjective beliefs or intent of the alleged contemnors in complying with the order, but whether in fact their conduct complied with the order at issue.'" *Doe v. Bush*, 261 F.3d 1037, 1047 (11th Cir. 2001) (quoting *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990)).

In its December 22, 2009 order, which we previously upheld, the district court ruled that "Windsor is ORDERED not to file in *any* court any new lawsuit which involves claims arising from the same factual predicate or nucleus of operative facts as the instant case." (emphasis in original). In February 2010, Windsor filed a complaint in the United States District Court for the District of Columbia arising out of the same operative facts at issue in the previous litigation. Windsor's contempt is clear and convincing in this case. First, we previously determined that the December 22 order preventing future filings was valid and lawful. Second, the portion preventing Windsor from filing suit in any court could not have been clearer. Finally, Windsor could have complied with the provision prohibiting the filing of additional lawsuits by not filing additional lawsuits.

6

Accordingly, we conclude that the district court did not abuse its discretion in granting the civil contempt motion.

## III.

Finally, Windsor appeals the district court's award of additional attorneys' fees for the work completed outside of the time frame covered by the initial award. Windsor makes no discernible argument as to why the district court abused its discretion in awarding additional fees. Accordingly, his claims are summarily dismissed.

## IV.

Based on the foregoing discussion, the district court's orders are **AFFIRMED.**

Maid of the Mist's motion for sanctions under Federal Rule of Appellate Procedure 38 is **DENIED.**