[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11163
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 8, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:09-cv-61618-WJZ


KENNETH ARUGU,

Plaintiff - Counter Defendant - Appellee,

versus

CITY OF PLANTATION,

Defendant - Appellant,

KIMBERLY STALKER,
WILLIAM SMITH,

Defendants - Counter Claimants,

LAURETTA DECKER,
a.k.a. Lauretta Arugu,

Defendant.

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 8, 2011)

Before CARNES, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

The City of Plantation appeals the district court's denial of its motion for attorney's fees and costs. The City contends the court abused its discretion when it denied the motion.

I.

Kenneth Arugu and his then-wife Lauretta Decker were involved in a domestic dispute that resulted in the involvement of City of Plantation police officers William Smith and Kimberly Stalker. The parties agree that the officers wanted Arugu to leave the house where Decker lived and that Arugu believed he did not have to leave. The officers eventually used physical force and pepper spray on Arugu. The parties dispute whether Arugu or the officers were the aggressors, whether he struck one of the officers, whether the officers told him that he was under arrest, and whether he resisted arrest.

Arugu filed a complaint in Florida state court alleging only state law claims against Smith, Stalker, Decker, and the City. Two years later the City filed a motion for summary judgment. Four months later Arugu filed an amended complaint adding claims under 42 U.S.C. § 1983 against the officers and the City. He alleged that the officers used excessive force in violation of the Fourth Amendment and that the use of excessive force was "pursuant to the execution or implementation of a custom policy or official act" of the City. He alleged the City was directly liable under § 1983 and under a theory of respondeat superior.

The defendants removed the case to federal court, which eventually remanded all of the state law claims back to state court. The City filed a motion for summary judgment in the district court on the remaining § 1983 claim, and Arugu made multiple discovery requests. The City then filed a motion for attorney's fees and sanctions under Federal Rule of Civil Procedure 11, 28 U.S.C. §§ 1920 and 1927, and 42 U.S.C. § 1988. It argued that Arugu's § 1983 claim was frivolous. The City asserted that it had complied with the the 21-day "Safe Harbor" provision in Rule 11 and was entitled to sanctions. The City also asserted that it was entitled to attorney's fees under 42 U.S.C. § 1988 because it was a prevailing party within the meaning of the statute. It also argued that Arugu's

attorney had "unreasonably and vexatiously" multiplied the proceedings, which entitled it to attorney's fees and costs under 28 U.S.C. §§ 1920 and 1927.

Over a year later and after multiple requests for additional discovery and for more time to respond to the City's summary judgment motion, Arugu filed a "Motion for Stay or Abstention, or in the Alternative, Motion for Voluntary Dismissal." The court denied the motion for stay or abstention, but granted the motion for voluntary dismissal. In that same order, the court denied without elaboration the City's motion for attorney's fees and sanctions.

The City filed and then withdrew a motion to reconsider its motion for attorney's fees and sanctions, electing instead to appeal the order denying that motion.

II.

We review for abuse of discretion a district court's decision to deny sanctions, costs, and attorney's fees. See Peer v. Lewis, 606 F.3d 1306, 1311 (11th Cir. 2010) ("A court's decision to deny sanctions under Rule 11, 28 U.S.C. § 1927, and the court's inherent power is reviewed for an abuse of discretion."); E.E.O.C. v. W&O, Inc., 213 F.3d 600, 620–21 (11th Cir. 2000) (reviewing for abuse of discretion the taxation of deposition costs under 28 U.S.C. § 1920); Ensley Branch, N.A.A.C.P. v. Seibels, 31 F.3d 1548, 1563 (11th Cir. 1994)

4

(reviewing for abuse of discretion a denial of attorney's fees under 42 U.S.C. § 1988). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or bases the decision upon findings of fact that are clearly erroneous." Peer, 606 F.3d at 1311 (quotation marks omitted).

Abuse of discretion review, however, requires something for us to review. When ruling on a motion for attorney's fees or sanctions, the district court must provide an explanation of the basis for its ruling that is sufficient to allow for meaningful appellate review. See Thompson v. RelationServe Media, Inc., 610 F.3d 628, 637 (11th Cir. 2010) ("In this case, however, the district court's conclusory Rule 11 analysis is not sufficient to permit meaningful appellate review" because "its one paragraph order provides no explanation of the basis for its ruling . . . ."); Tilton v. Playboy Entm't Group, Inc., 554 F.3d 1371, 1378–79 (11th Cir. 2009) ("Although an award of attorney's fees is ordinarily a matter for the discretion of the district court, an order on attorney's fees must allow meaningful review." (citation omitted)); cf. Gilmere v. City of Atlanta, Ga., 931 F.2d 811, 814 (11th Cir. 1991) ("The district court, however, must explain its reasoning in determining a reasonable attorney's fee to give this court an adequate and informed basis for review.").

Although the district court did find that Arugu's motion for voluntary dismissal was itself not made in bad faith, its denial of the City's motion for sanctions and attorney's fees was not accompanied by any explanation, analysis, or findings. The court gave no reason for rejecting the City's contentions that Argu had filed a frivolous § 1983 claim and had unreasonably multiplied the proceedings. We therefore vacate the order denying sanctions and attorney's fees and remand for the district court to revisit the issue, make appropriate findings, and explain its decision. We leave open the possibility that the court may decide the sanctions and attorney's fees issue differently on remand, but we do not imply any view about whether it should.

**VACATED AND REMANDED.**