[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11722
_____

D.C. Docket No. 1:08-cv-00155-KD-N

EARATON ADAMS, et al.,

Plaintiffs,

GLORIA SULLIVAN,

Plaintiff-Appellee,

versus

AUSTAL, U.S.A., L.L.C.

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(June 17, 2014)

Before PRYOR and COX, Circuit Judges, and ROSENTHAL,[*] District Judge.

---

[*] Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

PER CURIAM:

Defendant-Appellant Austal USA, LLC appeals the March 2, 2012 order of the United States District Court for the Southern District of Alabama denying Austal's motion for attorneys' fees and sanctions against Plaintiff-Appellee Gloria Sullivan and her counsel. After a thorough review of the record and the arguments presented on appeal, we find that the district court did not abuse its discretion in denying Austal's motion. We affirm.

## I.  Background

On March 20, 2008, Sullivan and 21 others filed a putative class action against Austal under 42 U.S.C. § 1981 and Title VII, 42 U.S.C. §§ 2000e, *et seq*. The plaintiffs amended the complaint three times and added one other plaintiff through amendment. The class was not certified, and the case proceeded with 23 plaintiffs. While all of the plaintiffs asserted a common set of events at the workplace, each plaintiff added allegations about his or her own experiences and knowledge.

Sullivan's third amended complaint alleged that she began working for Austal in September 2003. Sullivan asserted claims for hostile work environment, disparate treatment, disparate impact, and retaliation. Her claims were based on allegations that white coworkers used racial epithets and made racist comments to black coworkers; racist comments were written on bathroom walls; nooses and

2

racist pictures appeared in the workplace; and white coworkers wore confederate-flag emblems at work.  She alleged that the company retaliated against her when she complained about these events and did nothing to address them.  She also alleged that she was not provided the training that Austal gave white employees and that promotions were not posted but were given to white males.

Because the claims were proceeding individually, Austal filed 23 summary-judgment motions.  The district court granted 13 of those motions.  On August 29, 2011, the district court granted Austal's summary-judgment motion against Sullivan and dismissed all of her claims.  Austal then moved the district court to award $60,000.00 in attorneys' fees under 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k), and to require Sullivan's counsel to pay the fees as a sanction under 28 U.S.C. § 1927.  On March 2, 2012, the district court denied the motion.[1]

The ten plaintiffs who survived summary judgment proceeded to trial.  The first trial, of five plaintiffs' claims, resulted in a verdict for Austal against two plaintiffs but no verdict on the hostile-work-environment claims of the other three plaintiffs.  The second trial, for a single plaintiff's claims, resulted in a defense verdict.  The third trial was for seven plaintiffs' claims, including the hostile-work-

---

[1] The district court stated that it denied Austal's motion after reviewing the motion, response, reply, and the pleadings.  The fact that the fees and sanctions were sought for work done through the grant of summary judgment shows that the review extended to the summary-judgment filings as well.

3

environment claims of the three plaintiffs remaining from the first trial. The third jury also returned a verdict in Austal's favor.

Austal appeals the denial of the fees and sanctions sought against Sullivan, and we affirm.

## II.  Discussion

### A.    Austal's Motion for Attorneys' Fees

Under § 1988 or Title VII, a prevailing defendant may move to recover the fees and costs incurred litigating a claim that was "'frivolous, unreasonable, or without foundation.'" *Quintana v. Jenne*, 414 F.3d 1306, 1309 (11th Cir. 2005) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). "Factors that are important in determining whether a claim is frivolous include (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Quintana*, 414 F.3d at 1309 (quotation omitted). The Supreme Court has cautioned against relying on hindsight to determine whether a claim was frivolous when it was filed or pursued. *See Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1188–89 (11th Cir. 1985). We review the district court's order denying attorneys' fees and costs for an abuse of discretion. *See Smalbein v. City of Daytona Beach*, 353 F.3d 901, 904 (11th Cir.

4

2003) (§ 1988); *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1491 (11th Cir. 1994) (§ 2000e-5(k)).[2]

When a plaintiff asserts both frivolous and nonfrivolous § 1988 claims, a "court may grant reasonable fees to the defendant . . . but only for costs that the defendant would not have incurred but for the frivolous claims." *Fox v. Vice*, — U.S. —, —, 131 S.Ct. 2205, 2211, 180 L.Ed. 2d 45 (2011). The defendant need not prove that all of the claims were frivolous to recover fees for defending against one or more that was. *Quintana*, 414 F.3d at 1312 (citation omitted).

The district court did not abuse its discretion in denying Austal's motion. "As we have stated previously, the abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *See United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc) (quotations and citations omitted). Though Sullivan did not make it past summary judgment, ten plaintiffs proceeded to trial on similar allegations and evidence. Austal cannot recover its fees and costs under § 1988 or Title VII

---

[2] Austal argues that we must remand because the district court did not explain the denial of fees. (Blue Br. at 44). Austal notes that the "district court . . . must explain its reasoning in determining a reasonable attorney's fee to give this court an adequate and informed basis of review." *Gilmere v. City of Atlanta, Ga.*, 931 F.2d 811, 814 (11th Cir. 1991). In that case, the record did not give us a basis to "review the manner in which the district court determined the $75 per hour rate to be appropriate." *Id.* Here, the record provides a basis to determine whether Sullivan's claims were frivolous, and we "may affirm for any reason supported by the record." *United States v. Hall*, 714 F.3d 1270, 1271 (11th Cir. 2013); *see also Hubbard v. BankAtlantic Bancorp, Inc.*, 688 F.3d 713, 716 (11th Cir. 2012).

because it has not shown that any of the claims Sullivan alleged in her third amended complaint were frivolous.

## B.    Austal's Motion for Sanctions

Austal also appeals the denial of its motion for fees and costs as a sanction under 28 U.S.C. § 1927.  Under § 1927, an attorney who unreasonably and vexatiously multiplies proceedings may be sanctioned for the extra fees and costs incurred because of that conduct.  28 U.S.C. § 1927.  The defendant must show that the conduct was "'so egregious that it is tantamount to bad faith.'"  *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010) (quoting *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007)).  We review for abuse of discretion.  *Peterson v. BMI Refractories*, 124 F.3d 1386, 1390 (11th Cir. 1997).

The district court did not abuse its discretion in declining to sanction Sullivan's counsel under § 1927.  Austal emphasizes that Sullivan did not respond to some of the claims that the summary-judgment motion addressed.  But Austal acknowledges that its motion included claims that Sullivan had not asserted in her complaint.  The fact that Sullivan did not respond to the parts of Austal's motion seeking summary judgment on claims she had not alleged or on claims she had decided not to pursue is not a basis for sanctions under § 1927.  *See, e.g.*, *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991) ("[W]hen it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have

6

a duty to discontinue their quest." (quotation omitted)).  Neither this nor Austal's remaining arguments persuade us that the district court erred in denying sanctions.

## III.    Conclusion

We affirm the district court's denial of Austal's motion for attorneys' fees and sanctions.

**AFFIRMED**